**Opinion issued April 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00671-CV

———————————

**ANIBAL MOISES CARDONA-BARRIOS D/B/A CARDONA STEEL ERECTORS, Appellant**

**V.**

**ABEL GODOY RAMOS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1141994**

---

## MEMORANDUM OPINION

Abel Godoy Ramos severed a finger from his right hand while performing metalwork for his employer, Anibal Moises Cardona-Barrios, doing business as Cardona Steel Erectors. Ramos sued Cardona for negligence. A jury returned a verdict for Ramos and awarded him $100,000 in damages. After the trial court

rendered judgment in accordance with the verdict, Cardona appealed. Because Cardona has failed to file an appellant's brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

"[A]ppellate courts should reach the merits of an appeal whenever reasonably possible." *St. John Missionary Baptist Church v. Flake*, 595 S.W.3d 211, 214 (Tex. 2020). To enable an appellate court to do that, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

Stated differently, in order for an appellate court to be able to address an issue, the appealing party must argue the issue's substance. *Flake*, 595 S.W.3d at 214. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *See Wade v. Comm'n for Law. Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no pet.). An issue on appeal unsupported by argument or citation to the record or legal authority presents nothing for our review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994).

Here, after Cardona filed his first appellant's brief in this Court, Ramos moved to strike the brief, arguing that it failed to provide either substantive analysis or citations to the record and authorities as required. *See* TEX. R. APP. P. 38.1(i). Ramos complained that Cardona failed to cite any specific evidence in support of his issue.

Rather, the majority of his brief was comprised of a complete transcript of his trial testimony. Further, he failed to provide argument or supporting legal authority.

We granted Ramos's motion, struck Cardona's brief, and ordered Cardona to file a corrected brief that complied with the Texas Rules of Appellate Procedure. *See id.*

Cardona filed an amended brief that is largely the same as his original brief. Ramos has now filed a motion to dismiss the appeal, arguing that the amended brief again fails to comply with Rule 38.1(i). *See id.* Cardona's amended brief is again comprised of 22 pages of trial testimony and the purported verbatim text from two case opinions, without any explanation, reasoning, or analysis as to how or why any of it relates to the issues presented.

Indeed, Cardona's amended brief is essentially a refiled version of his previous brief with certain pages of text simply rearranged. Cardona does not direct us to any specific evidence or testimony, or explain why his cited authority supports his contentions. *See id.* He only globally disputes that he was negligent and offers no substantive analysis. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Rule 38 requires [an appellant] to provide us with such discussion of the facts and the authorities relied upon . . . to maintain the point at issue. This is not done by merely uttering brief conclusory statements, unsupported by legal citations.").

We thus conclude that Cardona has not corrected the deficiencies in his original brief as directed in this Court's previous order and has not provided us with a brief that complies with Rule 38.1(i). *See, e.g.*, *Tyurin v. Cap. One, N.A.*, No. 01-16-00810-CV, 2018 WL 2925688, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2018, no pet.) (mem. op.).  We therefore grant Ramos's motion and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), 43.2(f).  All other pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Guerra and Farris.